BOTTEGO, Appellant, *v.* CARROLL et al., Respondents.

(No. 1,926.)

(Submitted June 16, 1904.  Decided July 8, 1904.)

*Money Paid—Mistake of Law—Recovery—Variance.*

Civil Code, Section 2123, provides that a court of equity will relieve against a mistake of law when it arises (1) from a misapprehension of the law by all parties by supposing that they knew or understood it, and by making substantially the same mistake, or (2) a misapprehension of the law by one

party of which the others are aware at the time of contracting, but which they do not rectify. *Held,* that where plaintiff brought suit under the second subdivision to recover an 'overpayment made on a repurchase of property sold under foreclosure, and alleged that she made the payment under misapprehension as to her legal right to redeem, and that the payment was caused to be made through the fraud, conspiracy and deceitful practices of the defendants, but the proof showed that whether plaintiff had a right of redemption at the time was a mooted question of law, and that defendants acted in good faith in their contention that her right of redemption was barred, there was a fatal variance.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Mary H. Bottego against Michael Carroll and another. From a judgment of nonsuit, and from an order denying her motion for a new trial, plaintiff appeals. Affirmed.

*Mr. C. M. Parr,* for Appellant.

We do not question the right of a mortgagor to include in a mortgage a power of sale; that is settled. But our contention is, that if one attempts to sell his right of redemption, it must be by a separate contract from the mortgage itself, and must be for a consideration, the same as any other contract. (*Pough* v. *Davis,* 96 U. S. 332.)

Under Section 3751, Civil Code, one cannot, even though he so desire, waive his right of redemption, and this leads us up to the proposition of fraud and the facts to be set out in support thereof. Misrepresentation of the law by one party upon which the other ignorantly relies is fraud, and no voluntary payment. (*Coke* v. *Nathan,* 16 Barb. 342; 2 Pom. Eq. Jur. Secs. 841-846-847.)

"Every transfer of an interest in property, other than in trust, made only as a security 'for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is deemed a pledge." (Section 3813, Civil Code.) "A mortgage may foreclose the right of redemption of the mortgagor in the manner prescribed by the Code of Civil Procedure."

(Section 3820, Civil Code.) Thus we see under our Code the loan in this case was secured by a mortgage, and no trust deed whatever existed as in the case of the *First National Bank of Butte* v. *Bell Silver & Copper Mining Co.*, 8 Mont. p. 32; and notwithstanding that decision, which was carried up to the Supreme Court of the United States, and affirmed in 156 U. S. 470, I still contend that where the mortgagee or his agent was the purchaser at a sale under the provisions of sale in a like mortgage, the right of redemption is not cut off. (*Buham* v. *Shaffer,* 2 Cal. 387; *Payne* v. *Bensley,* 8 Cal. 267, 68 Am. Dec. 320; *Moore* v. *Titman,* 44 Ill. 370, 21 Am. St. Rep. 246; *Thornton* v. *Irvin,* 43 Mo. 167; *Very* v. *Russell,* 65 N. H. 649.) In fact all the authorities hold the mortgagee a trustee for the mortgagor. The equity of redemption upon purchase by the mortgagee still attaches to the property in favor of the mortgagor. (Authorities *supra*—especially 2 Cal. 387.) The power of sale in a mortgage is merely a cumulative remedy. (*Cormerais* v. *Genell,* 22 Cal. 116.)

In conclusion, the Compiled Statutes of Montana, 1887, does not have such a provision as Section 3751, Civil Code, providing "and all contracts in restraint of the right of redemption from a lien are void," and the decision in *Bank* v. *Bell* only decided that under the statute a sale was good, if sold under the power of sale. But the same decision (8 Mont. p. 32) reads, "Nor is there anything to prevent a power of sale." That is more than a mortgage, and does not come within the definition. We see nothing in the Code (1887) to limit the power of contracting as is contended. Now, taking that opinion of our supreme court which says there is nothing in the Code (1887) to limit the power of contracting, and apply the language to our present Code (1895), Section 4751, Civil Code, and we find that the Code governs in this case and not the decision of *First National Bank* v. *Bell, supra,* for that section expressly prohibits the contracting against the right to redeem.

*Mr. John W. Stanton,* for Respondents.

Unless plaintiff had an equity of redemption and the right to redeem from Morgan, she has no standing in court, and even though she had an equity of redemption, the question might still be raised whether she ought to prevail and be allowed to take advantage of her own conduct in dealing with Morgan and in buying the property from him, treating him as owner, and obtaining deed from him, with the view of suing him as soon as she closed the deal and obtained deed from him. However, we prefer to treat the case as raising the sole question as to whether she had the right of redemption or not. There can not possibly be any other question in the case. This question has been adjudicated in this court in the case of *First National Bank of Butte* v. *Bell Silver & Copper Mining Co.,* 8 Mont. 32. That case was appealed to the Supreme Court of the United States, and the decision of our court was affirmed. (*Bell* v. *Bank,* 156 U. S. 470, 39 L. Ed. 497.) That decision has long been a rule of property in this state. The *Bell Case* has never been doubted in this state. This court, in deciding the case of *Largey* v. *Chapman,* 18 Mont. 567, took care not to use expressions which might raise suspicion as to the soundness of the *Bell Case,* for in the *Largey Case,* at page 567, we read: "Whatever we here hold in reference to a debt secured by mortgage being enforced by foreclosure of the mortgage does not in any way affect the question of enforcing the debt by exercising a power of sale contained in the mortgage. (*First National Bank* v. *Bell S. & C. M. Co., supra;* same case, 156 U. S. 470.)"

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

Appeal from a judgment of nonsuit, and from an order denying plaintiff's motion for a new trial.

Plaintiff alleged the execution of a mortgage by her to defendant Carroll on April 5, 1899, and his subsequent sale of the property therein mentioned, by virtue of a power of sale contained in the mortgage, to his co-defendant Morgan on January

29, 1900, her attempt on January 31, 1900, to redeem the property from the sale, Morgan's refusal to permit a redemption, his claim that plaintiff had no further interest in the property, and his offer to sell the property to her for $850. Paragraphs 8 and 9 of the complaint are as follows:

"That plaintiff, laboring under the statements of the said defendants and their attorneys, that this plaintiff had no rights in the premises and was barred of the right of redemption, and laboring under a misapprehension of her rights and remedies, did on the 6th day of February, 1900, pay to the said defendants the sum of eight hundred and fifty ($850) dollars, and received from said defendants a deed to said property. And plaintiff alleges that said defendants had no right to demand or receive from this plaintiff any amount in excess of $588, and that the amount so paid in excess of $588, to-wit, $262, was an overpayment, and paid through mistake on the part of plaintiff, and said payment was made and caused to be made by and through the fraud, conspiracy and deceitful practices on part of the defendants.

"Plaintiff alleges that her right of redemption under the said sale had not expired at the time of said payment of the said eight hundred and fifty ($850) dollars, and that said time of redemption would not expire until the 29th day of January, 1901."

No defects in the method of procedure adopted by the mortgagee in foreclosing the mortgage under the power of sale are alleged by plaintiff. Practically her sole contention is that she had the right to redeem the property within one year after the sale, but because of a mistake of law on her part, which was induced by fraud, conspiracy and deceitful practices on part of the defendants, she purchased the property instead of enforcing her right of redemption.

A mistake of law from which a court of equity will relieve is defined and governed by Section 2123 of the Civil Code, which reads: "Mistake of law constitutes a mistake, within the

meaning of this article, only when it arises from: (1) A mis-
apprehension of the law by all parties, all supposing that they
knew and understood it, and all making substantially the same
mistake as to the law; or (2) A misapprehension of the law by
one party, of which the others are aware at the time of contract-
ing, but which they do not rectify." It is readily perceived that
plaintiff's action is attempted to be brought under Subdivision
2 thereof.

The testimony on part of plaintiff discloses that, after the
property had been purchased at the foreclosure sale by defendant
Morgan, plaintiff's agent, John B. Bottego, and her attorney,
Mr. Maury, applied to Morgan to be allowed to redeem the
property, but Morgan refused, claiming that the right of re-.
demption was barred by the sale. He offered the property to
plaintiff for $1,000, but after some negotiations took $850 for it.
Concerning this transaction Maury testified: "I advised him
(Bottego) that our firm, Judge Pemberton and myself, both
advised him that in our opinion the question was a very mooted
one and difficult to determine either way, but in our opinion
there was no right of redemption. They acted on that advice
in the payment of the money. I was present when the deeds
passed from Mr. Carroll to Bottego. This advice that I gave
them was after the negotiations with Mr. Morgan in an attempt
to redeem the property, which had been sold for the amount of
the mortgage, interest and costs of sale." And again he said:
"Mr. Morgan claimed that he had the fee-simple title absolute,
and we agreed with those views." There is no testimony in the
record showing, or tending to show, that the defendants did not
at all times firmly believe that the plaintiff's equity of redemp-
tion was totally cut off by the foreclosure sale; and neither is
there any testimony indicating in the slightest degree that de-
fendants, or either of them, procured the plaintiff to purchase
the property through fraud, conspiracy or deceit. As above
noticed, it is not contended that the sale was not fairly con-
ducted. The sale having been completed, the defendant Morgan
took the position that he was then the absolute owner of the prop-

erty by virtue of the foreclosure sale, and the defendants are now contending for that same position in this court.

It thus plainly appears that, if it be true that plaintiff had one year from and after January 29, 1901, in which to redeem the property from the foreclosure sale, there was a misapprehension of the law by the defendants as well as by plaintiff, "all supposing that they knew and understood it, and all making substantially the same mistake as to the law."

It also becomes apparent that there is a fatal variance between plaintiff's allegations and her proof, and she did not ask leave to amend the pleading to conform to the proof, as she might have done.

She alleged a cause of action, which, if it comes within Section 2123 at all, comes within Subdivision 2 thereof; the proof she adduced, if it come within Section 2123 at all, comes within Subdivision 1 thereof; both her allegations and proof must come within one and the same subdivision, or she may not recover at all because of a mistake of law. Her allegation of mistake on her part and fraud on part of the defendants utterly excludes the idea of a mutual mistake. Thus the court did not err in granting the nonsuit.

This excludes any consideration of the interesting question as to whether plaintiff's equity of redemption was barred by the foreclosure sale.

It follows that the judgment and order should be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Mr. Justice Milburn, being absent, takes no part in this decision.